# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 18, 2013

## STATE OF TENNESSEE v. JAMES ALLEN NIX

**Appeal from the Criminal Court for Sumner County**
**No. 2011-408      Dee David Gay, Judge**

_____

**No. M2012-02457-CCA-R3-CD - Filed December 18, 2013**

_____

The defendant, James Allen Nix, was convicted by a Sumner County Criminal Court jury of burglary of a building other than a habitation and theft of property valued at $1000 to $10,000, both Class D felonies, and was sentenced by the trial court as a Range III, multiple offender to concurrent terms of eight years in the Department of Correction.  On appeal, he raises three issues relating to the trial court's denial of his motion to suppress evidence obtained from his home pursuant to a search warrant.  The State argues that the defendant has waived consideration of these issues by his failure to include them in his motion for new trial.  We agree with the State.  Accordingly, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JEFFREY S. BIVINS, J., joined.

Terry S. Frizzell, Hendersonville, Tennessee (on appeal); and Jon J. Tucci, Nashville, Tennessee (at trial), for the appellant, James Allen Nix.

Robert E. Cooper, Jr., Attorney General and Reporter; Tracy L. Bradshaw, Assistant Attorney General; Lawrence R. Whitley, District Attorney General; and Lytle Anthony James, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS and PROCEDURAL HISTORY

On June 9, 2011, the Sumner County Grand Jury returned a five-count indictment charging the defendant with a February 27, 2011 burglary of a motor vehicle; a February 27, 2011 theft of property valued at $500 or less; an April 9, 2011 burglary of a building other

than a habitation; an April 9, 2011 theft of property valued at $1000 or more; and an April 14, 2011 theft of property valued at $1000 or more. The defendant filed both a motion to sever the offenses and a motion to suppress evidence recovered from his home pursuant to a search warrant. In the motion to suppress, he alleged that the police unlawfully entered his home following his arrest outside the home and that they improperly seized a camera containing a recording that was subsequently used as the basis for establishing probable cause for a later-obtained search warrant.

At the evidentiary hearing, the State presented the following pertinent evidence: the defendant and a male companion were involved in a traffic accident in the defendant's vehicle on April 9, 2011; both men left the scene of the accident, leaving behind in the vehicle merchandise that had been taken in a recent burglary; the defendant was on state probation at the time and had signed a consent for his person, vehicle, or residence to be searched by any probation or law enforcement officer at any time without a warrant; the defendant was served with a felony arrest warrant at the door of his residence on April 12, 2011; at the time of the arrest officers found in the defendant's house a number of electronic items and other items matching the descriptions of stolen merchandise, including a camera that contained a recording made at the defendant's home in which the defendant's companion bragged about a big burglary they had committed.

On February 10, 2012, the trial court entered an order denying the motion to suppress, finding that the officers' entering the residence at the time of the defendant's arrest and their seizing of the items on which probable cause for the search warrant was based constituted "lawful and constitutionally permissible actions." That same day, the trial court entered a separate order severing the counts of the indictment that were based on separate offense dates. On May 29, 2012, the defendant was tried before a Sumner County jury on the two counts of the indictment based on the April 9, 2011 offenses and was convicted as charged. On July 13, 2012, he was sentenced by the trial court as a Range III offender to concurrent terms of eight years for each offense.

On August 16, 2012, the defendant filed a timely motion for a new trial in which he raised only three issues, none of which involved the searches of his home. A hearing on the motion for new trial was held on September 28, 2012, at which the defendant, again, failed to raise any issues relating to the searches of his home. On October 9, 2012, the trial court entered an order overruling the motion for new trial. Thereafter, the defendant filed a timely appeal to this court in which he raises three issues: (1) whether the trial court erred in denying the motion to suppress when the search warrant lacked "independent and verified probable cause"; (2) whether the trial court erred in allowing the defendant's medical records to be introduced at trial when the records were seized pursuant to an unlawful search warrant; and (3) whether the seizure of the medical records fell outside the scope of items named in

the search warrant.

## ANALYSIS

The State argues that the defendant has waived consideration of the issues raised in his appeal by his failure to raise them in the motion for new trial. We agree. Issues relating to the admission or exclusion of evidence that are not raised in a motion for new trial are deemed to be waived on appeal. See Tenn. R. App. P. 3(e). Accordingly, we conclude that the defendant has waived consideration of these issues on appeal. We also decline to address the issues as plain error, as we conclude that no substantial rights of the defendant were affected.

## CONCLUSION

Because the defendant failed to raise any issues relating to the searches of his home in his motion for new trial, we conclude that he has waived appellate review of the issues raised in this appeal. Accordingly, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE